# In the United States Court of Federal Claims

No. 18-1576C
(Filed October 31, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
GERARD L. WEBB,                  *
                                 *
              Plaintiff,         *
                                 *
   v.                            *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

This case was filed *pro se* on September 28, 2018, by Gerard L. Webb as one of three complaints seeking various forms of payment from the federal government. In this matter, Mr. Webb alleges that his unemployment insurance payments were too low and claims that he should be paid an "unlimited" amount. *See* Complaint (Compl.), ECF No. 1. The government has moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC). *See* Mot. to Dismiss (Def.'s Mot.), ECF No. 5. Because Mr. Webb has failed to state a claim for relief that falls within this court's jurisdiction, the government's motion to dismiss this case must be **GRANTED**.

### I. BACKGROUND

On September 28, 2018, Mr. Webb filed his complaint alleging that he was being underpaid by the unemployment insurance program. *See* Compl. Mister Webb complains that his unemployment insurance benefits were only $300 to $400 weekly and were not instead set at an "unlimited" amount. *Id.* at 1. He also claims his unemployment insurance benefits were insufficient because they "[f]ailed to fully cover living expenses." *Id.* at 2. Plaintiff implies that his unemployment insurance payments should match his desired living expenses, and he asks that his

unemployment insurance status "be restored" and that he be granted an unlimited amount in payments. *Id.* at 1.

The government filed a motion to dismiss the case on November 26, 2018. *See* Def.'s Mot. In one paragraph, the government argues that Mr. Webb's unemployment insurance claim falls outside this court's jurisdiction because plaintiff does not base them on an express or implied-in-fact contract with the United States or a money-mandating provision of law, as required under the Tucker Act. *See id.* (citing 28 U.S.C. § 1491(a)(1)). After noticing that Mr. Webb had failed to respond to the government's motion, and taking into account his *pro se* status, the Court permitted him to file a tardy response. Order (May 31, 2019). In his response, Mr. Webb restates the content of his complaint, claiming that the unemployment insurance program should provide him an "unlimited" amount in payments. *See* Pl.'s Resp. to Def.'s Mot. (Pl.'s Resp.), ECF No. 8 at 1. Although difficult to follow, and consisting mostly of dictionary definitions for "execute" and "sufficient," the gist of his claim is that he believed he was "eligible for [a] multi-bedroom apartment [and a] Home office," which $300-400 per week could not cover. *See id.* On July 31, 2019, the government filed a reply. *See* ECF No. 9 (Def.'s Reply). In it, the government reiterates that Mr. Webb's claim falls outside the jurisdiction of this court. *Id.*

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering whether to grant a motion to dismiss a case for lack of subject-matter jurisdiction, our court will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (stating that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Though a *pro se* plaintiff's filings are to be held to a less stringent standard than filings drafted by a lawyer, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Schirripa v. United States*, 747 F. App'x. 847, 849 (Fed. Cir. 2018) (relying on *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018), this lenient standard will not spare claims from dismissal which fall outside this court's jurisdiction by failing to either establish a breach of contract by the federal government or identify a money-mandating law which was allegedly violated by the federal government. *See United States v. Bormes*, 568 U.S. 6, 9–11 (1983). This more lenient standard also does not remove a *pro se* litigant's

obligation to demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the court's jurisdiction); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence).

Even if a plaintiff asserts claims that fall within the court's jurisdiction, he must still present a valid claim on which the court can grant relief. *See* RCFC 12(b)(6). Notably, "[w]hen considering a motion to dismiss a case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court accepts all well-pled facts as true and draws all reasonable inferences in plaintiff's favor." *Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791 (2014) (citing *Scheuer*, 416 U.S. at 236; *Pixton*, 291 F.3d at 1326; *Englewood Terrace Ltd. P'ship v. United States*, 61 Fed. Cl. 583, 584 (2004)). Granting a motion to dismiss a case for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Denial of the motion is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## B. Analysis

Mister Webb alleges that he was not paid enough unemployment insurance benefits and claims that he should be granted an "unlimited" amount in payments. *See* Compl. at 1–2. He does little to support his claim beyond repeatedly stating in both his complaint and his response paper that the benefits he received were insufficient to cover all his living expenses and asserting that he should receive an unlimited amount of money. *See id.*; Pl.'s Resp. at 1.

For a money claim to fall within our jurisdiction, it must rest on a contract with the United States or a money-mandating source of federal law. 28 U.S.C. § 1491(a)(1); *see also United States v. Testan*, 424 U.S. 392, 398 (1976). Plaintiff has not alleged the existence of a contract with the federal government, but instead seems to rest him claim on the administration of the unemployment insurance program. But "the federal statutes governing unemployment benefits do not provide any basis for our court to exercise jurisdiction over claims to unemployment benefits." *Owens v. United States*, No. 19-269C, 2019 WL 948379, at *1 (Feb. 25, 2019) (citing *May v. United States*, 56 Fed. App'x 492, 492 (Fed. Cir. 2003) (holding that a "complaint regarding the denial of unemployment benefits is clearly outside of the jurisdiction of the Court of Federal Claims.")). Rather than mandating payments by the federal government directly to individuals, this scheme, under the Social Security Act, "provides for state government administration of benefits and

authorizes payments from the federal government to the states." *Id.* (citing 42 U.S.C. §§ 501–03, 1101, 1321).

Moreover, to the extent plaintiff's complaint might be construed as seeking payments from a state-run unemployment insurance program (such as the one administered by the New Jersey Department of Labor and Workforce Development), our court lacks jurisdiction over claims made against states, municipalities, and local government entities. As a general matter, "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *see also Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (explaining that this court cannot hear claims against "states, localities, state and local government officials, state courts, state prisons, or state employees."); *Norton v. United States*, No. 14-633C, 2015 WL 1086548, at *8 (Fed. Cl. Mar. 9, 2015) (noting that unemployment insurance claims against states are not against the United States and thus fall outside this court's jurisdiction). Accordingly, our court lacks jurisdiction under the Tucker Act to entertain Mr. Webb's claims and cannot grant him the relief he seeks. *See* 28 U.S.C. § 1491(a)(1).

### III.  CONCLUSION

Plaintiff seeks an award of unemployment benefits. But he has not identified a money-mandating federal law that entitles him to payments from the United States government, and the federal statutes governing unemployment benefits are not such a source. Thus, the government's motion to dismiss this case for lack of subject-matter jurisdiction under RCFC 12(b)(1) is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge